IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| V. | § | No. 3:16-cr-242-M |
| | § | |
| REBECCA GRIMES (04). | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

Chief Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge Defendant Rebecca Grimes's Motion for Interim Payment [Dkt. No. 706] under 28 U.S.C. § 636(b). *See* Dkt. No. 711.

For the reasons explained below, the Court should deny the motion without prejudice.

**Discussion**

Under § 230.73.10 of the *Guide to Judiciary Policy*, the presiding trial judge may arrange for periodic or interim payments to counsel when it is necessary and appropriate in a specific case. *See* Admin. Office of the U.S. Courts, *Guide to Judiciary Policy*, Vol. 7, Pt. A, § 230.73.10(a) (May 17, 2017) (the "Guide"). The procedures for effecting interim payments "are designed to strike a balance between the interest in relieving court-appointed attorneys of financial hardships in extended or complex cases, and the practical application of the statutorily imposed responsibility of the chief judge of the circuit to provide a meaningful review of claims for excess compensation." Guide § 230.73.10(b), (c). These provisions suggest, if not dictate, that interim payments to counsel are appropriate only in extended or complex

representations where the claimed compensation will exceed the statutory case compensation maximum (currently $10,300). *See id.* § 230.23.20. The Guide also permits interim reimbursement for "extraordinary and substantial" out-of-pocket expenses incurred in providing representation in the case. *Id.* § 230.63.50.

CJA counsel James Whalen was appointed on June 2, 2016. *See* Dkt. No. 35. The motion seeks an interim payment to counsel because, although Grimes was sentenced on September 13, 2017, the representation will not end until January 2, 2018 when Grimes is scheduled to self-surrender. Mr. Whalen previously submitted a CJA 20 voucher reflecting $3,971.70 in attorney's fees and $172.59 in expenses (of which $135.04 is mileage for travel by private automobile). The motion does not assert that this case is complex.

Although the representation is arguably "extended" in terms of time, the compensation is not, and it appears will not be, in excess of $10,300, nor has counsel demonstrated a financial hardship. Finally, the out-of-pocket expenses are not "extraordinary and substantial." These circumstances do not demonstrate that an interim payment to Mr. Whalen is necessary or appropriate.

**Recommendation**

Because this case does not yet present circumstances under which interim payments are warranted, Defendant's Motion for Interim Payment [Dkt. No. 706] should be denied without prejudice.

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CRIM. P. 59(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: October 5, 2017

---
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE